Filed 8/25/25  P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BERNARDINO SANCHEZ,<br><br>    Defendant and Appellant. | H052631<br>(Santa Cruz County<br>Super. Ct. No. 24CR04379) |

Defendant Bernardino Sanchez pleaded guilty to possession for sale of a controlled substance, possession of a controlled substance, and possession of a firearm by a felon.  In accord with a negotiated disposition, the trial court dismissed the remaining charges against Sanchez and imposed two years of felony probation.

After Sanchez appealed, counsel was appointed.  Counsel filed an opening brief stating the case and the facts, but raising no issues.  We notified Sanchez of his right to submit written argument on his own behalf, but received no response.

We have reviewed the entire record pursuant to *People v. Wende* (1973) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude that there is no arguable issue for appeal and affirm the judgment.

# I. BACKGROUND

According to the complaints filed in this matter, Sanchez was convicted of two counts of burglary in 1986 as well as prison-related offenses in 2001 and 2003.

In January 2024, police stopped Sanchez because he was driving a car with an expired registration. Sanchez had the car's registration but no license or insurance, and a large knife was visible on his lap. The officers who stopped Sanchez had a dog trained for narcotics detection sniff outside Sanchez's car, and the dog alerted to narcotics in the rear trunk. The police then searched Sanchez and the car. On Sanchez, they found roughly 23 grams of fentanyl as well as another knife and a meth pipe. In the car, they found several devices for snorting drugs, and several scales, one with a white powdery substance on it.

Sanchez was arrested and charged in a complaint with five offenses: (1) possession of a dirk or dagger (Pen. Code, § 21310), (2) possession for sale of a controlled substance (Health & Saf. Code, § 11351), (3) transportation of a controlled substance (*id*., § 11352), (4) misdemeanor resisting arrest (Pen. Code, § 148), and (5) misdemeanor possession of an ingestion device (Health & Saf. Code, § 11364). The complaint also alleged Sanchez's 1986 burglary convictions as strike priors and a prior serious felony conviction. Sanchez was released on bail.

In July 2024, police observed Sanchez's car speeding and running through a stop sign in a residential area. Recognizing that Sanchez was out on bail and subject to search, police searched Sanchez's vehicle. In it, they found 9.6 grams of fentanyl and 7.2 grams of methamphetamine as well as an unserialized firearm with a loaded magazine. In a second complaint, Sanchez was charged with six offenses: (1) possession of a firearm by a felon (Penal Code, § 29800, subd. (a)(1)), (2) possession of ammunition by a felon (*id*., § 30305, subd. (a)(1)), (3) possession of a controlled substance (methamphetamine) for sale (Health & Saf. Code, § 11378), (4) transportation of a controlled substance (methamphetamine) (*id*., § 11379), (5) possession of an unregistered

firearm (Pen. Code, § 25850, subd. (c)(6)), and (6) possession of firearm with a controlled substance (Health & Saf. Code, § 11370.1). The complaint alleged that these offenses occurred while Sanchez was out on bail and repeated the allegations of the 1986 burglary convictions as strike priors and a prior serious felony conviction. Sanchez was remanded into custody without bail.

At the preliminary hearing on the January charges, the trial court dismissed the resisting arrest charge but held Sanchez to answer on the others. At the preliminary hearing on the July charges, the trial court held Sanchez to answer on all the charges.

In September 2024, the People moved to dismiss, refile, and consolidate the cases dealing with the January and July incidents. On the same day, the People filed a new complaint with a new case number. This complaint contained all of the charges in the previously filed complaints except the dismissed resisting arrest charge. The new complaint also added charges for possession for sale of fentanyl and possession for sale of methamphetamine in May 2024. Finally, the new complaint added allegations concerning possession of a large quantity of contraband under Penal Code section 1170, subdivision (b)(2) and California Rules of Court rule 4.421(a)(10), increasing seriousness under Penal Code section 1170, subdivision (b)(2) and California Rules of Court rule 4.421(b)(2), and a prior prison term, while repeating the allegations of committing an offense while on bail, strike priors, and a prior serious felony.

Sanchez moved to suppress the evidence obtained from the searches in January and July 2024. In addition, based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Assn. v. Bruen* (2022) 597 U.S. 1 (*Bruen*), Sanchez demurred to the charges against him for carrying an unregistered firearm, illegal possession of ammunition, possession of a controlled substance while armed, and possession of a firearm by a felon.

On October 15, 2024, the trial court held a hearing. At the beginning of the hearing, the trial court denied the demurrer. Sanchez then withdrew the suppression motions, entered into a plea agreement, and was sentenced. Pursuant to the plea

3

agreement, Sanchez pleaded guilty to the charges of possessing fentanyl for sale in January 2024 and possession of a firearm by a felon in July 2024 as well as a new charge of misdemeanor possession of methamphetamine. The People in turn agreed to dismiss the remaining charges and to seek two years of probation along with credit for 216 days served. The trial court received the plea, dismissed charges as agreed, and dismissed the enhancement allegations. In dismissing the enhancement allegations, the trial court observed the prior strikes were very old, that Sanchez was 60 years old, and that he had health issues.

Pursuant to the plea agreement, the trial court also suspended imposition of sentence and placed Sanchez on two years of felony probation with credit for 108 days of custody and 108 days of good time. The court also imposed $810 in fines, but suspended the fines after finding Sanchez unable to pay.

Sanchez filed a timely notice of appeal. No certificate of probable cause was requested or issued.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal. Penal Code section 1237.5 prohibits appeals from a conviction upon a plea of guilty or nolo contendere unless the defendant has sought and received a certificate of probable cause. Here, Sanchez neither sought nor received such a certificate.

Additionally, as a general rule, a guilty or no contest plea waives all appellate challenges except those based upon constitutional, jurisdictional, or other grounds going to the legality of the proceedings. (*People v. Richardson* (2021) 65 Cal.App.5th 360, 369; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) Although there is an exception to this rule for matters relating to search and seizure (Pen. Code, § 1538.5, subd. (m)), Sanchez withdrew his suppression motions.

4

Sanchez's *Bruen* motion did challenge the constitutionality of the firearms charges against him and thus relates to the legality of the sentence imposed upon him. However, Sanchez did so on the ground that California's firearms licensing requirements are unconstitutional under *Bruen* because they require applicants for firearms licenses to have both "good cause" and "good moral character." It is now well-settled that, while the "good cause" requirement formerly in California's firearms licensing statutes was unconstitutional under *Bruen*, that provision is severable, and the firearms licensing statutes are otherwise constitutional. (See, e.g., *People v. Bey* (2025) 108 Cal.App.5th 144, 165-167; *In re T.F.-G.* (2023) 94 Cal.App.5th 893, 913-918; *In re D.L.* (2023) 93 Cal.App.5th 144, 154, 163-166 (*D.L.*); see also *People v. Mosqueda* (2023) 97 Cal.App.5th 399, 407-414 [holding licensing scheme constitutional even if good moral character requirement is not].) In addition, Sanchez did not plead guilty to possession of an unregistered firearm: He pleaded guilty to violating Penal Code section 29800, which prohibits convicted felons from possessing firearms. It is also now well-settled that this prohibition is constitutional. (*People v. Richardson* (2025) 108 Cal.App.5th 1203, 1209-1212; *People v. Anderson* (2024) 104 Cal.App.5th 577, 588-600; *People v. Alexander* (2023) 91 Cal.App.5th 469, 477-480; *People v. Odell* (2023) 92 Cal.App.5th 307, 316-317; *People v. Ceja* (2023) 94 Cal.App.5th 1296, 1300-1302; *D.L.*, *supra*, 93 Cal.App.5th at p. 166.)

In short, we find that Sanchez has no arguable grounds, constitutional or otherwise, for appeal and therefore conclude that appellate counsel has complied fully with his responsibilities. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

### III. DISPOSITION

The judgment is affirmed.

5

_____
BROMBERG, J.

WE CONCUR:


_____
DANNER, ACTING P. J.



_____
WILSON, J.



*People v. Sanchez*
H052631